UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN 13 P 2:10

U.S. DISTRICT COURT
HARTFORD, CT.

CAROL PERRY,
    Plaintiff,

v.                         NO.  3:01CV1828(CFD)(TPS)

DOCTOR'S ASSOCIATES, INC.,
    Defendant.

### RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, Carol Perry, commenced this action against the defendant, Doctor's Associates, Inc. ("DAI"), pursuant to Title VII of the Civil Rights act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, Connecticut's Fair Employment Practices Act, C.G.S. § 46a-51 *et seq.*, and the common law of the State of Connecticut, to seek redress for sexual harassment, retaliation and infliction emotional distress as a result of a hostile and threatening work environment, and for constructive discharge. (See Compl. ¶¶ 1-2). Pending before the court is the Plaintiff's Motion to Compel **(Dkt. #12.)** brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. As explained below, that motion is **DENIED WITHOUT PREJUDICE**.

The relevant facts are as follows. DAI listed twenty-four individuals in its Rule 26(a)(1) initial disclosures. (See Pl.'s Mem. Supp. Mot., 5/28/03, Ex. 1). The majority of these

individuals were former coworkers of the plaintiff. (Id.). In addition to providing their addresses and telephone numbers, the defendant described these individuals as having "[o]bserved daily interaction among co-workers," "[i]nvolved in the observation of plaintiff's supervisory skills," or "[i]nvolved in responding to employee complaints." (Id.).

In April of 2002, the plaintiff, through an interrogatory ("Interrogatory No. 21"), requested that the DAI "[i]dentify each and every person you expect to call as a witness at trial and describe in detail the subject matter of the person's expected testimony" including, to the extent known, the individual's name, current address, current job position, and social security number (Id. Ex. 2, No. 21 and instructions). DAI did not object to the interrogatory. (See id.). Instead, it responded with a list of eighteen names (without addresses or telephone numbers) stating that "[a]t this time, Defendant anticipates calling the following individuals to testify with regard to Plaintiff's employment with defendant in addition to refuting any and all claims of harassment made by the Plaintiff." (Id.).[1] In February of 2003, DAI supplemented its answer to Interrogatory No. 21 with six additional names, addresses, and telephone numbers. (Id. Ex. 3). Then, in April, DAI supplemented its 26(a)(1) disclosure, pursuant to Rule 26(e)(1). (Id. Ex. 4). This disclosure consisted of sixteen

---

[1] The defendant also "reserve[d] the right to amend this list at any time." (Pl.'s Mem. Supp. Mot., 5/28/03, Ex. 2, No. 21).

names, addresses, and telephone numbers, accompanied by descriptions similar to those provided in the Rule 26(a)(1) disclosure. (Id. Ex. 4).

The plaintiff seeks to compel DAI to supply "specific information concerning the subject matter about which the sixteen individuals have discoverable information and/or about which defendant expects them to testify at trial." (Id. at 3). She claims that DAI "is required to produce the information as part of its initial disclosures pursuant to Rule 26(a)(1)(A) and, specifically, in response to plaintiff's interrogatories which request that defendant describe in detail the subject matter of the person's expected testimony." (Id.)(citation omitted).

A.   **Rule 26(a)(1)(A)**

Rule 26(a)(1) of the Federal Rules of Civil Procedure states that

> [e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to the other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. . . .

Fed. R. Civ. P. 26(a)(1)(2004). The purpose of the initial disclosure requirement is to provide "the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the

3

litigation, either for purposes of serving a proposed amended complaint . . . or for being interviewed or for being deposed or for doing background investigation." Biltrite Corp. v. World Markings, Inc., 202 F.R.D. 359, 362 (D. Mass. 2001). See also Caraveo v. Nielson Media Research, Inc., No. 01 Civ. 9609 (LBS)(RLE), 2003 U.S. Dist. LEXIS 7126, at *3 (S.D.N.Y. Apr. 24, 2003); Fed. R. Civ. P. 26(a) Advisory Committee's Notes (1993)("A major purpose of the revision [the addition of paragraph 1] is to accelerate the exchange of *basic information* about the case and to eliminate the paperwork involved in requesting such information.")(emphasis added); Id. 26(a)(1)(A) Advisory Committee's Notes (1993)("Indicating *briefly* the *general topics* on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.")(emphasis added). Moreover, Rule 26(e)(1) requires that a party supplement its disclosure under subdivision (a) "if the party learns that in some material respect the information disclosed is incomplete or incorrect. . . ." Fed. R Civ. P. 26(e)(1).

The court finds that the defendant has satisfied its duty of disclosure pursuant to Rule 26(a) and (e). It has provided the name and, if known, address and telephone number of each of the sixteen individuals. Further, the court finds that the defendant's descriptions sufficiently identify the subjects of the information,

4

in light of the Advisory Committee's comments. Their descriptions, while brief, identify the general topics on which these individuals have information. That is all that Rule 26(a) requires.

B.   Interrogatory No. 21

Rule 33 of the Federal Rules of Civil Procedure states, in pertinent part, that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . . to be answered by any officer or agent" of a corporation. Fed. R. Civ. P. 33(a). The rule requires, inter alia, that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Id. at (b)(1). Moreover, any ground for objection "not stated in a timely fashion is waived unless the party's failure to object is excused by the court for good cause shown." Id. at (b)(4).

The court notes that the defendant has failed to object to Interrogatory No. 21. Moreover, the court understands that compliance was imperfect: the defendant has provided only names where current addresses, current job positions, social security numbers, and a detailed description of the subject matter of the person's expected testimony were also sought, to the extent known. However, while the defendant has unjustifiably failed to provide

5

this information through the interrogatory, it did provide it, with the exception of social security numbers, through its Rule 26(e)(1) supplemental disclosure. The court finds the descriptions of the subject matter of the person's expected testimony to be sufficiently detailed for present purposes. However, the court notes that a more detailed response shall be supplied in the pretrial memorandum.

For the foregoing reasons, the plaintiff's motion is **DENIED WITHOUT PREJUDICE**. This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless modified by the district judge upon motion timely made. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

SO ORDERED at Hartford, Connecticut this 13th day of January, 2004.

/s/ Thomas P. Smith
Thomas P. Smith
United States Magistrate Judge