**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

CAROL PERRY,
    Plaintiff,

2004 MAR 2 1 P ⁚ 43

v.

Civil Action No. 3:01CV1828(CFD) CT.

U.S. DISTRICT COURT
HARTFORD CT.

DOCTOR'S ASSOCIATES, INC.,
    Defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Carol Perry ("Perry"), brought this action against her former employer,

Doctor's Associates, Inc. ("DAI"), alleging violations of Title VII of the Civil Rights Act, 42

U.S.C. § 2000e et seq., Connecticut's Fair Employment Practices Act, Conn. Gen. Stats. § 46a-

51 et seq., and state law claims of intentional and negligent infliction of emotional distress.

Perry alleges discrimination on the basis of her sex, sexual harassment, and retaliation including

constructive discharge. Specifically, Perry claims that her coworkers subjected her to a hostile

work environment, that DAI failed to correct or investigate the alleged harassment, and that DAI

ignored, tolerated or condoned the alleged harassment. Perry also claims that she was forced to

resign because her work environment became intolerable. DAI has filed a motion for summary

judgment [Doc. #39].

In the context of a motion for summary judgment, the burden is on the moving party to

establish that there are no genuine issues of material fact in dispute and that the moving party is

entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings,

1

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999

F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted).  In ruling on a

motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all

inferences in favor of the nonmoving party in order to determine how a reasonable jury would

decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992).  Thus, "[o]nly

when reasonable minds could not differ as to the import of the evidence is summary judgment

proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991);

see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

The Court concludes that genuine issues of material fact exist as to whether Perry was

subjected to a hostile work environment.  Specifically, there are genuine issues of material fact

including, but not limited to, whether Perry was subjected to the alleged conduct because of her

sex, whether DAI management condoned the alleged behavior of Perry's coworkers, and whether

DAI took reasonable steps to address Perry's complaints.  In addition, the Court concludes that

genuine issues of material fact exist as to whether Perry was retaliated against - for example,

whether Perry's coworkers became more hostile toward Perry for complaining about their

misconduct, whether DAI was aware of the alleged retaliatory conduct and failed to take any

corrective action, and whether Perry was constructively discharged.  Finally, the Court concludes

that genuine issues of material fact exist as to Perry's claims for intentional and negligent

infliction of emotional distress.

Accordingly, the defendant's motion for summary judgment [Doc. #39] is DENIED.

SO ORDERED this __19__ day of March 2004, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE