## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL PERRY,<br>       Plaintiff,<br><br>  vs.<br><br>DOCTOR'S ASSOCIATES INC.,<br>       Defendant | CIVIL ACTION NO<br>3:01 CV 1828 (CFD)<br><br><br><br>June 16, 2004 |

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37 and 26(a)(1)(B), defendant Doctor's Associates Inc.

("DAI") hereby moves to compel from plaintiff Carol Perry all gynecological medical records

for the period February 24, 1995 to February 24, 2000, the date plaintiff quit her employment at

DAI, and all psychiatric medical records from February 7, 2004 to present relating to plaintiff's

treatment for work-related stress. As set forth below, defendant is entitled to the requested

information under discovery rules. The information is not privileged, it is relevant to the subject

matter involved in the pending action, and it would not be overly burdensome for defendant to

provide the information.

Plaintiff brought this action against her former employer, DAI, claiming that she suffered

emotional distress and physical complaints as a result of a hostile work environment. *See*

Complaint (Ex. 1). Defendant seeks the medical records regarding plaintiff's hysterectomy in

order to investigate whether plaintiff's emotional distress and physical complaints resulted from

her medical condition and subsequent surgery rather than her working conditions. In addition,

1

plaintiff attempts to support her emotional distress claim with evidence of psychiatric treatment. Defendant seeks the medical records regarding this psychiatric treatment.

Connecticut General Statute Section 52-146c provides that communications between psychiatrists and patients are privileged unless the patient consents or in a civil proceeding the patient introduces his "psychological condition as an element of his claim or defense." CGS §52-146c(c)(2). The plaintiff claims that she suffered emotional distress as a result of her workplace environment, thus her psychiatric medical records are not privileged.

Plaintiff's medical records regarding her hysterectomy are also discoverable. In Alexandru v. Dowd, the court held that where the plaintiff placed her emotional state and physical condition at issue in an action by claiming her employer negligently and intentionally caused her emotional distress, the defendant was entitled to use the discovery process to obtain the plaintiff's medical records. 79 Conn.App. 434, 442 (2003). In the present case, the plaintiff claims her workplace environment caused her emotional distress and physical complaints and, therefore, the requested medical records are not privileged. Fed. R. Civ. P. 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." An alternative explanation for plaintiff's emotional distress is directly relevant to defendant's case. As such, the medical records should be provided to the defendant whether they would be admissible at trial, so long as the information sought is reasonably calculated to lead to the discovery of admissible evidence. Id.

Counsel for defendant attempted, in good faith, to resolve this matter without Court intervention, but all attempts to resolve the issue and obtain the information requested have been unsuccessful. Therefore, defendant respectfully requests that the Court enter an Order requiring plaintiff to provide the requested information.

Dated this _____11th_____ day of June 2004.

DEFENDANT,
Doctor's Associates Inc.


By: _____
Kristin L. Corcoran
Doctor's Associates Inc.
325 Bic Drive
Milford, CT 06460
Federal Bar No. CT 13892

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion to Compel was sent this ___16th___ day of June 2004, by US Mail to Kathryn Emmett, Emmett & Glander, 45 Franklin Street, Stamford, Connecticut, 06901.

Kristin L. Corcoran
Doctor's Associates Inc.
325 Bic Drive
Milford, CT 06460
Federal Bar No. CT 13892