### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____x | | |
| CAROL PERRY, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:01 CV 1828 (CFD) |
| v. | : | |
| | : | |
| DOCTOR'S ASSOCIATES INC., | : | |
|     Defendant. | : | |
| _____x | | JULY 19, 2004 |

### PLAINTIFF'S OBJECTION TO
### <u>DEFENDANT'S MOTION TO COMPEL</u>

Plaintiff Carol Perry submits this memorandum in opposition to defendant Doctor's

Associates Inc.'s Motion to Compel her gynecological records dated June 16, 2004 on the

grounds that it is untimely and procedurally improper and in that the motion seeks private

medical information that is wholly irrelevant to the issues in this case.  Specifically, more than a

full year after the deadline for completion of discovery in this case and almost three months after

the Court denied defendant's Motion for Summary Judgment on all claims, defendant now seeks

"medical records regarding plaintiff's hysterectomy in order to investigate whether plaintiff's

emotional distress and physical complaints resulted from her medical condition and subsequent

surgery rather than her working conditions."  Def's Motion at 1.  Defendant has never

specifically requested the records previously and has established no basis to support that

plaintiff's hysterectomy bears any relationship whatsoever to her work-related emotional distress.

Under these circumstances, defendant should not be permitted to seek discovery after the

deadline in order to pry into private medical treatment records relating to plaintiff's

hysterectomy.[1]

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action in September 2001 against her former employer,

Doctor's Associates Inc. [DAI], to seek redress for sexual harassment and retaliation while

employed by DAI.  See Complaint.[2]  Plaintiff claims that, beginning in the Spring of 1998, a

group of female coworkers at DAI subjected plaintiff to a severely hostile and abusive work

environment over the course of many months including constant offensive, humiliating and

threatening comments and behavior and several instances of inappropriate touching.  See id.

---

[1]     Defendant also moves to compel plaintiff's psychiatric records for the period February 7, 2004 to the present.  Plaintiff does not object to producing updated records which she has done periodically since initially responding to defendant's discovery request for these records. Plaintiff has requested updated psychiatric records from plaintiff's treating physician which will be produced when received.

[2]     Plaintiff's claims include  sexual harassment and retaliation including constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Connecticut's Fair Employment Practices Act, C.G.S. §46a-51 et seq., and intentional and negligent infliction of emotional distress under the common law of the State of Connecticut.  See id.

Plaintiff complained to DAI management repeatedly about the harassment and the impact it was having on her health.  See id.  Despite the fact that management had notice of the hostile work environment and plaintiff's resulting severe emotional distress, they failed to correct or even investigate the harassment, contrary to DAI's stated sexual harassment policy, and instead ignored, tolerated or even condoned the harassment, blaming and retaliating against plaintiff for the circumstances.  See id.  As a result, plaintiff's coworkers became even more hostile, threatening and abusive toward plaintiff and retaliated against her for complaining to management about their misconduct, but still DAI took no action.  See id.  Plaintiff's work environment became intolerable under the circumstances and she was forced to resign in February 2000, having been constructively discharged.  See id.

On or about May 21, 2002, defendant requested, *inter alia*, that plaintiff produce "every document that pertains to any physical complaints or injuries" and any "mental or emotional complaints or injuries sustained by plaintiff since 1992."  See Ex. 1, Nos. 2 and 3.  Plaintiff objected to the requests as "overly broad, vague and unduly burdensome" and in that they sought "medical information that is private and confidential" and "that is not relevant to any issue in this action and that is not calculated to lead to the discovery of admissible evidence."  See id. Without waiving and subject to the stated objections, plaintiff produced all medical records

3

relating to the injuries she suffered as a result of the hostile work environment at DAI, including all records relating to emergency treatment for chest pains at Milford Hospital on January 7, 2000, a cardiac evaluation performed on January 19, 2000, treatment by plaintiff's internist in January and February 2000, and psychiatric treatment from February to May 2000. See id. In October 2002, plaintiff produced updated psychiatric treatment records for the period May 2000 to October 2002. See Ex. 2. Plaintiff produced updated psychiatric treatment records again in March 2003. See Ex. 3.

Prior to filing the instant motion to compel, defendant never requested that plaintiff produce any additional medical records other than updated psychiatric treatment records. See Ex. 4 (Affidavit of Attorney Kathryn Emmett).

## II.  ARGUMENT

### A.  DEFENDANT'S MOTION SHOULD BE DENIED AS UNTIMELY AND PROCEDURALLY IMPROPER

Defendant's motion, filed over a full year after the May 28, 2003 deadline for completion of discovery in this case and almost three months after the Court denied summary judgment on all claims, is untimely. Defendant has been fully aware since plaintiff commenced this action in September 2001 that plaintiff claims that she suffered severe emotional distress as a result of the

4

hostile work environment at DAI.  See Complaint.  Defendant has also been aware that plaintiff

had a hysterectomy since August 1999 [see Ex. 5 at 170] and that plaintiff objects to producing

private medical information, including records relating to her gynecological treatment, since July

2002 when plaintiff stated her objections to defendant's discovery requests.  See Ex. 1, No. 2.

However, for no explicable reason, defendant did not file the instant Motion to Compel until

June 2004.[3]

Furthermore, contrary to Local Rule 37(a) and defendant's representation in the Motion

to Compel that "[c]ounsel for defendant attempted, in good faith, to resolve this matter without

Court intervention, but all attempts to resolve the issue and obtain the information requested have

been unsuccessful," counsel for defendant never specifically requested records relating to

plaintiff's gynecological treatment or hysterectomy and never contacted undersigned counsel to

attempt to resolve this discovery dispute in advance of filing the instant motion.  See Ex. 4.

---

[3]     The motion was filed almost three months after the Court denied defendant's motion for
summary judgment on all claims (Order entered March 29, 2004), while the parties were waiting
to participate in a Settlement Conference with Parajudicial Officer Emanuel Psarakis on June 29,
2004, but were otherwise ready to prepare the Joint Trial Memorandum and proceed to trial.  The
Settlement Conference took place as scheduled and has been scheduled to continue on September
20, 2004.

Under these circumstances, defendant's motion to compel records relating to plaintiff's hysterectomy should be denied as untimely and procedurally improper.  See e.g., Butkowski v. General Motors Corporation, 497 F.2d 1158, 1159 (2d Cir. 1974) (district court did not err in denying motions for discovery as untimely where motions were filed over three years after commencement of action and after case had been referred for trial); WorldCom Network Services, Inc. v. Metro Access, Inc., 205 F.R.D. 136, 144 (S.D.N.Y. 2002) (motion to compel denied as untimely on basis that discovery deadline had "long since passed"); McNerney v. Archer Daniels Midland Company, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("when a plaintiff, as here, is aware of the existence of documents before the discovery cutoff date and issues discovery requests . . . after the discovery deadline has passed, then the . . . discovery requests should be denied.").

> B.     DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THE RECORDS
>        CONTAIN PRIVATE MEDICAL INFORMATION THAT IS NOT RELEVANT
>        TO THIS ACTION

In its motion, defendant represents that it seeks "medical records regarding plaintiff's hysterectomy in order to investigate whether plaintiff's emotional distress and physical complaints resulted from her medical condition and subsequent surgery rather than her working conditions."  Def's Motion at 1.  Defendant has established no basis, however, and no factual

6

basis exists in the record to support that plaintiff's hysterectomy bears any relationship whatsoever to her work-related emotional distress.

As stated, defendant has been fully aware of the fact that plaintiff had a hysterectomy since the time she had the surgery in August 1999 [see Ex. 5 at 170] and that plaintiff objects to producing private medical information, including records relating to her gynecological treatment, since July 2002 when plaintiff stated her objections to defendant's discovery requests.  See Ex. 1, No. 2.  Counsel for defendant inquired about any impact of plaintiff's hysterectomy on her emotional condition at plaintiff's deposition in October 2002.  See Exhibit 5 at 170-73.  Plaintiff testified that the surgery was not traumatic for her and that, psychologically, it was a "relief" because of the physical symptoms of her condition.  See id.  Defendant did not inquire further and did not subsequently request production of medical records relating to plaintiff's hysterectomy.  See Ex. 4.

Furthermore, *defendant's expert witness*, F. Carl Mueller, M.D., who conducted a psychiatric examination of plaintiff and reviewed plaintiff's medical records referencing the fact that plaintiff had a hysterectomy in August 1999, confirms that plaintiff suffered and continues to suffer emotional distress *as a result of the hostile work environment at DAI*.  See Ex. 6 (Mueller

7

report).[4]  Dr. Mueller's report does not state, and Dr. Mueller did not testify at deposition, that, in

his opinion, plaintiff's gynecological condition contributed to her emotional distress.  See id.[5]

       Where, as here, there is no factual basis to support that plaintiff's gynecological history

bears any relevance to her claims in this case, defendant should not be permitted access to her

private medical records.  See e.g., Manessis v. New York City Department of Transportation,

2002 WL 31115032, *2 (S.D.N.Y. 2002) (copy attached) (plaintiff's emotional distress claim

does not allow defendants "an unfettered right to pursue discovery into [plaintiff's] entire

medical history").

       For the foregoing reasons, defendant's Motion to Compel must be denied.

---

[4]     Pursuant to the Scheduling Order deadline, plaintiff took Dr. Mueller's deposition on
May 9, 2003.

[5]     In fact, the only opinion that plaintiff's emotional distress was caused or contributed to by
her gynecological condition has come from plaintiff's coworkers at DAI.  See e.g., Ex. 7 (Rizzo)
at 54-56 (indicating that she attributed plaintiff's distress over what was occurring at work to her
"medical problems"); Ex. 8 (Prince) at 73-74 (indicating that she thinks plaintiff was going
through menopause and just "flipped out").  This patently gender-biased explanation of
plaintiff's distress underscores that defendant's discrimination was motivated by sex and should
not provide a basis for allowing defendant to fish through plaintiff's private medical treatment
records relating to her hysterectomy.

THE PLAINTIFF, CAROL PERRY


BY:_____
       KATHRYN EMMETT
       Federal Bar No. ct05605
       CHRISTINE CAULFIELD
       Federal Bar No. ct19115
       Emmett & Glander
       45 Franklin Street
       Stamford, CT  06901
       (203) 324-7744
Email: kemmett@emmettandglander.com
       ccaulfield@emmettandglander.com

9

## CERTIFICATION

  This is to certify that a copy of the foregoing was mailed, postage prepaid, this 19th day of July, 2004, to:

Kristin Corcoran, Esq.
Doctor's Associates Inc.
325 Bic Drive
Milford, CT  06460.3059


_____

KATHRYN EMMETT

10