## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____x
CAROL PERRY,                          :    CIVIL ACTION NO.
    Plaintiff,                        :    3:01 CV 1828 (CFD)
v.                                    :
                                      :
DOCTOR'S ASSOCIATES INC.,             :
    Defendant.                        :
_____x    JULY 19, 2004

### AFFIDAVIT OF ATTORNEY KATHRYN EMMETT IN SUPPORT OF
### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL

Kathryn Emmett, being duly sworn, deposes and says:

    1.    I am duly admitted to practice in the State of Connecticut and in this Court. I am counsel for the plaintiff Carol Perry in the above-captioned action. I am fully familiar with the facts of these proceedings and make this affidavit in support of Plaintiff's Memorandum in Opposition to Summary Judgment.

    2.    On or about May 21, 2002, defendant requested, *inter alia*, that plaintiff produce "every document that pertains to any physical complaints or injuries" and any "mental or emotional complaints or injuries sustained by plaintiff since 1992." See Ex. 1, Nos. 2 and 3.[1]

    3.    Plaintiff objected to the requests as "overly broad, vague and unduly burdensome" and in that they sought "medical information that is private and confidential" and "that is not relevant to any issue in this action and that is not calculated to lead to the discovery of admissible evidence." See id.

---

[1] The exhibits referenced in this affidavit are attached to Plaintiff's Objection to Defendant's Motion to Compel.

      4.      Without waiving and subject to the stated objections, plaintiff produced all medical records relating to the injuries she suffered as a result of the hostile work environment at DAI, including all records relating to emergency treatment for chest pains at Milford Hospital on January 7, 2000, a cardiac evaluation performed on January 19, 2000, treatment by plaintiff's internist in January and February 2000, and psychiatric treatment from February to May 2000. See id.

      5.      Defendant did not request production of medical records relating to plaintiff's hysterectomy after questioning plaintiff at her deposition on October 30, 2002 concerning the hysterectomy. See Ex. 5 at 170-173.

      6.      In October 2002, plaintiff produced updated psychiatric treatment records for the period May 2000 to October 2002. See Ex. 2. Plaintiff produced updated psychiatric treatment records again in March 2003. See Ex. 3.

      7.      Prior to filing the instant motion to compel, defendant never requested that plaintiff produce any additional medical records other than updated psychiatric treatment records.

      8.      Counsel for defendant never specifically requested records relating to plaintiff's gynecological treatment or hysterectomy and never contacted undersigned counsel to attempt to resolve this discovery dispute in advance of filing the instant motion.

_____
KATHRYN EMMETT

Subscribed and sworn to before me this 19th day of July, 2004.

_____
Danine M. Chevarella
Notary Public
My Commission Expires:  8/31/06

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed, postage prepaid, this 19TH day of July, 2004, to:

Kristin Corcoran, Esq.
Doctor's Associates Inc.
325 Bic Drive
Milford, CT  06460.3059

_____
Kathryn Emmett

3