UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT

2004 AUG 31  P 4: 05

U.S. DISTRICT COURT
HARTFORD, CT.

CAROL PERRY,
    Plaintiff,

v.                                NO.  3:01CV1828(CFD)(TPS)

DOCTOR'S ASSOCIATES, INC.,
    Defendant.

### RULING ON DEFENDANT'S MOTION TO COMPEL

The plaintiff, Carol Perry, commenced this action against the defendant, Doctor's Associates, Inc. ("DAI"), pursuant to Title VII of the Civil Rights act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, Connecticut's Fair Employment Practices Act, C.G.S. § 46a-51 *et seq.*, and the common law of the State of Connecticut, for sexual harassment, retaliation and infliction emotional distress as a result of a hostile and threatening work environment, and for constructive discharge. (See Compl. ¶¶ 1-2). Pending before the court is the Defendant's Motion to Compel (Dkt. # 66) brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. As explained below, that motion is **DENIED**.

With its motion, the defendant seeks to compel the production of the plaintiff's gynecological medical records for the period February 24, 1995 to February 24, 2000, her last date of employment, and all psychiatric medical records from February 7,

2004 to the present relating to the plaintiff's treatment for work-related stress.[1] DAI requests the production of the plaintiff's medical records regarding her hysterectomy "in order to investigate whether [her] emotional distress and physical complaints resulted from her medical condition and subsequent surgery rather than her working conditions." (D.'s Mot. Comp., 6/16/04, at 1).

The defendant relies solely on a Connecticut state case for the proposition that "where the plaintiff placed her emotional state and physical condition at issue in an action by claiming her employer negligently and intentionally caused her emotional distress, the defendant was entitled to use the discovery process to obtain the plaintiff's medical records." (Id. at 2 citing Alexandru v. Dowd, 79 Conn. App. 434, 442 (Conn. App. Ct. 2003)). That case, which concerned whether the defendant abused the discovery process in obtaining *undisputably relevant* medical records, is not controlling precedent. Moreover, the proposition, while true, is too broad to assist the court in determining whether the plaintiff's gynecological records are relevant to the claims and defenses at issue in this case.

The defendant argues that an "alternative explanation for plaintiff's emotional distress is directly relevant to the

---

[1] It appears from the plaintiff's uncontested brief that she has complied with all discovery requests relating to her psychiatric treatment. (Pl.'s Mem. Opp. Mot., 7/19/04, at 4). As such, the court will not address this issue.

2

defendant's case." (Pl.'s Mot. Comp., 6/16/04, at 2). Emotional distress is a unique brand of injury: its cause is not as easily traceable as a broken arm or bruised bicep. Emotional distress may have been caused by a parent's or child's illness, the death of pet, a car accident, a missed promotion, a soured business deal, a failed relationship--to name just a few. However, the uncertainty of its genesis does not require that the proponent of an emotional distress claim produce all documents related to any and every event or condition which may also cause emotional distress. See Manessis v. New York Dep't of Transp., 02 Civ. 359, 2002 U.S. Dist. LEXIS 17884, *5 (S.D.N.Y. Sept. 24, 2002)("emotional distress claim does not . . . give Defendants an unfettered right to pursue discovery into [a plaintiff's] entire medical history."). By the defendant's logic, the converse would be true: because any other medical treatment may cause emotional distress, any records associated with that treatment would be discoverable. The court declines to read to rules of discovery so broadly; the burden and expense of this proposed discovery outweighs its likely benefit. See Fed R. Civ. P 26(b)(2). Moreover, the court finds that the requested medical records are not *fairly* relevant, nor are they reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

   Still, even were the plaintiff's gynecological records found to be relevant, the defendant's motion should be denied as untimely

and procedurally improper. The discovery deadline in this case was May 28, 2003. This motion, filed over a year after that deadline, relates to records concerning an event which took place in 1999. No good cause exists for the reopening of discovery in this case at this time; "as of September 9, this case is considered ready for immediate trial." (Dkt. # 77). See e.g., Butkowski v. General Motors Corp., 497 F.2d 1158, 1159 (2d Cir. 1974)(district court did not err in denying motions for discovery as untimely where motions were filed over three years after commencement of action and after case had been referred for trial); WorldCom Network Serv.'s, Inc. V. Metro Access, Inc., 205 F.R.D 136, 144 (S.D.N.Y. 2002)(motion to compel denied as untimely on basis that discovery deadline had "long since passed"); McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995)(citations omitted)("when a plaintiff, as here, is aware of the existence of documents before the discovery date and issues discovery requests . . . after the discovery deadline has passed, then the . . .discovery requests should be denied."). Moreover, the defendant's uncontested brief also indicates that it failed to attempt, "in good faith, to resolve this matter without Court intervention," as required by Rule 37(a)(2) of the Local Rules of Civil Procedure.

For the foregoing reasons, the plaintiff's motion is **DENIED**. This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of

review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless modified by the district judge upon motion timely made.  See 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).  At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. Loc. R. Civ. P. 37(a)(4).

**SO ORDERED** at Hartford, Connecticut this 31th day of August, 2004.

/s/ Thomas P. Smith
Thomas P. Smith
**United States Magistrate Judge**